UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES AGEE** | Case No. _____ |
| **SHEA HARRELSON** | |
| **Plaintiffs** | Judge _____ |
| **Versus** | Magistrate _____ |
| **UTC LABORATORIES, LLC** | |
| **Defendant** | |

**COMPLAINT**

Now into court, through undersigned counsel, come James Agee and Shea Harrelson, plaintiffs, and for their complaint respectfully represent as follows:

**I.   Parties**

1. Made defendant herein is UTC Laboratories, LLC (herein after "defendant" or "UTC"), a Delaware limited liability company, registered to do business in Louisiana, and having its principal place of business in New Orleans, Louisiana.

2. Plaintiff, James Agee (herein after "Agee") is citizen of Arizona, domiciled in Phoenix, Arizona. Mr. Agee was employed by the defendant, UTC Laboratories, LLC in 2014 and 2015.

3. Plaintiff, Shea Harrelson (hereinafter "Harrelson,") is a citizen of South Carolina, domiciled in Charleston, South Carolina. Ms. Harrelson was employed by the defendant, UTC Laboratories, LLC in 2014 and 2015.

**II.   Jurisdiction and Venue**

4. Subject matter jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional minimum.

5.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1). Furthermore, parties have stipulated to venue herein.

### III.     Facts

6.     The defendant currently does business as "Prima Health," and formerly did business as "Renaissance Rx."

7.     The defendant operates a business of performing DNA and toxicology tests to help physicians calibrate prescriptions and dosages for patients. The company was founded in 2012, when it was selected to be part of a two-year study funded by the Department of Health and Human Services Center for Medicare and Medicaid Services (hereinafter "CMS") regarding the process and techniques developed by UTC.

8.     In 2013, UTC experienced rapid growth, and received tens of millions of dollars in public and private investment, including substantial funding from CMS. As UTC expanded its operations, it increased its workforce. In less than two years, UTC expanded to almost 1000 employees in 44 states. By May of 2014, it reported processing between 1,200 and 1,600 DNA tests daily, and 700 to 1,000 toxicology tests daily.

9.     On July 1st, 2014, UTC hired both plaintiffs, Agee and Harrelson, as Area Vice Presidents, pursuant to identical employment contracts, (hereinafter "agreement"). The agreement is attached hereto as Exhibit 1.

10.     The agreement was prepared and drafted by UTC, and was signed and accepted by both Agee and Harrelson without alteration and delivered to UTC. On information and belief, the original, executed agreements and/or counter-signed agreements are in the possession of UTC.

11.     UTC actually employed both Agee and Harrelson as Area Vice Presidents, pursuant to the agreement, from July 1st, 2014 to April 3rd, 2015.

12. During the time of their employment, both Agee and Harrelson discharged their duties and obligations as employees to UTC in a professional, qualified, and competent manner, and actually delivered valuable labor, skill, and expertise to UTC.

13. The agreement establishes three principal components of compensation owed to Agee and Harrelson: base salary of $10,000 per month, monthly commissions, and quarterly bonuses.

14. From July 1st, 2014 through November 30th, 2014, Agee and Harrelson were paid according to their base salary in the agreement, and were paid regular monthly commissions as provided in the agreement. After November 30th, 2014, Agee and Harrelson stopped receiving monthly bonuses, contrary to the provisions of the agreement.

15. During the time of their employment, UTC issued statements to both Agee and Harrelson outlining the monthly bonuses and quarterly commissions earned by Agee and Harrelson. Agee and Harrelson were never paid quarterly bonuses pursuant to the agreement.

16. In December 2014, CMS suspended funding to UTC pending a review of its practices. The suspension of this funding created an immediate financial crisis for UTC.

17. On April 3rd, 2015, UTC terminated the employment of Agee and Harrelson without cause. (Agreement Article VI.)

18. The agreement requires UTC to pay Agee and Harrelson compensation according to the terms set forth on Exhibit A thereto. The agreement also requires UTC to pay Agee and Harrelson bi-weekly, or—at a minimum—not less than monthly. (Agreement Article III.)

19. The agreement also requires UTC to pay Agee and Harrelson for time off and for other fringe benefits. (Agreement Article IV.) The agreement also requires UTC to pay Agee and Harrelson severance compensation in the event of termination without cause. (Agreement Article VI.)

20. Upon termination of their respective employments, Agee and Harrelson were both owed earned compensation, bonuses, commissions, paid time off, other fringe benefits, and severance pursuant to the agreement.

21. Neither Agee nor Harrelson were paid the amounts owed to them since their termination, nor have they been paid any amount to date. Since termination, plaintiffs have made numerous amicable demands that have not resulted in any payment to plaintiffs for any amounts owed.

### IV. Causes of Action

22. The foregoing facts are incorporated into this section as if re-pled in extenso. The foregoing facts state causes of action upon which relief may be granted in favor of Agee and Harrelson and against UTC as follows.

### Count One: Louisiana Wage Payment Act

23. UTC's failure to pay Agee and Harrelson compensation constitutes a breach of its duty pursuant to La R.S. 23:631 *et seq.*, the "Louisiana Wage Payment Act," and renders UTC liable to Agee and Harrelson for the payment of full compensation earned as of the date of termination, plus judicial interest from the date of this Complaint.

24. UTC's violation of La R.S. 23:631 renders it liable to Agee and Harrelson for the payment of penalty wages and attorneys' fees pursuant to La R.S. 23:632.

### Count Two: Breach of Contract

25. By failing to pay plaintiffs compensation and other benefits under the agreement, UTC has breached its contractual obligations to plaintiffs, and has done so in bad faith. UTC's breach includes failure to pay earned base salary, bonuses, commissions, benefits, and paid time off. UTC's breach also extends to its failure to pay severance as provided in the agreement.

26. All breaches of obligations by UTC have been willful and in bad faith. Therefore, UTC is liable to plaintiffs for all damages, foreseeable or not, pursuant to La. Civil Code art. 1997. Alternatively, even if the breaches of obligations by UTC were not in bad faith, UTC is nonetheless liable to plaintiffs for foreseeable damages pursuant La. Civil Code art. 1994.

27. UTC is further liable to plaintiffs for attorneys' fees by operation of the attorneys' fee provision of the agreement.

### V. Jury Demand and Prayer for Relief

28. Plaintiffs demand a trial by jury for all claims herein.

29. Wherefore, plaintiffs pray that this complaint be deemed good and sufficient, that citation be issued against defendants and they be ordered to answer; and that after due proceedings or trial be held, a judgment enter in favor of Shea Harrelson against UTC, and a judgment enter in favor of James Agee against UTC, in the form of damages resulting from the defendants' breach of their statutory and contractual obligations herein, including all earned compensation, bonuses, commissions, benefits, paid vacation, severance, penalty wages, and attorneys' fees, together with judicial interest from the date of first demand. Plaintiffs further pray for all other relief justified in the premises.

Respectfully Submitted,

**Young, Cotter & Meade**

| | |
|---|---|
| /s/ Adam G. Young, 30124 | John Alden Meade, 29975 |
| 315 South College Rd., Ste. 163 | 909 Poydras St., Suite 1600 |
| Lafayette, Louisiana 70503 | New Orleans, Louisiana 70112 |
| 337-261-8800 | 504-799-3100 |
| 337-234-3133 (fax) | 504-814-1487 (fax) |
| adam@ycmlawfirm.com | jameade@ycmlawfirm.com |

Counsel for plaintiffs James Agee and Shea Harrelson